SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

**In the Matter of Registrant J.A.** **(A-19-23) (088405)**

**Argued May 1, 2024 -- Decided July 1, 2024**

**PER CURIAM**

The Court considers whether J.A.'s application to terminate his Megan's Law registration and community notification requirements was properly denied.

J.A. was adjudicated delinquent of aggravated sexual assault and endangering the welfare of a child in 1999. In 2000 and 2001, he was adjudicated delinquent, respectively, of receiving stolen property and second-degree robbery.

To be eligible to terminate Megan's Law requirements, individuals must remain offense-free for "15 years following <u>conviction</u> or release from a correctional facility" and must show they are "not likely to pose a threat to the safety of others." N.J.S.A. 2C:7-2(f) (emphasis added).

Here, the trial court found that J.A. was ineligible under subsection (f) because he had not remained offense-free after the 1999 predicate sex offense. The trial court found that J.A. satisfied the public safety prong but felt "constrained" by case law to deny the motion. The Appellate Division affirmed. The Court granted certification. 256 N.J. 330 (2024).

**HELD:** Because J.A. was adjudicated delinquent and not convicted of a sex offense, he is required to satisfy the public safety prong of subsection (f), not the offense-free prong. <u>See</u> <u>In re Registrant R.H.</u>, ___ N.J. ___, ___ (2024) (slip op. at 3). Based on the reasoning of <u>R.H.</u> and the trial court's finding that J.A. does not pose a safety threat, he is eligible for termination of his Megan's Law obligations under subsection (f). The Court does not reach arguments about the constitutionality of N.J.S.A. 2C:7-2(f) as applied to juveniles.

**REVERSED and REMANDED to the trial court.**

**CHIEF JUSTICE RABNER and JUSTICES PATTERSON, SOLOMON, PIERRE-LOUIS, WAINER APTER, FASCIALE, and NORIEGA join in this opinion.**

1

In the Matter of Registrant J.A.

On certification to the Superior Court,
Appellate Division.

| Argued | Decided |
|---|---|
| May 1, 2024 | July 1, 2024 |

James H. Maynard argued the cause for appellant J.A. (Maynard Law Office, attorneys; James H. Maynard, on the briefs).

John J. Santoliquido, Assistant Prosecutor, argued the cause for respondent State of New Jersey (Raymond S. Santiago, Monmouth County Prosecutor, attorney; John J. Santoliquido, of counsel and on the briefs, and Alecia Woodard, Assistant Prosecutor, on the briefs).

Michael R. Noveck, Deputy Public Defender, argued the cause for amicus curiae Public Defender of New Jersey (Jennifer N. Sellitti, Public Defender, attorney; Michael R. Noveck, of counsel and on the brief).

Laura Cohen argued the cause for amici curiae American Civil Liberties Union of New Jersey and Rutgers Criminal and Youth Justice Clinic (Rutgers Criminal and Youth Justice Clinic, American Civil Liberties Union of New Jersey Foundation, and Lowenstein Sandler, attorneys; Laura Cohen, Alexander Shalom, Jeanne LoCicero, and Natalie Kraner, on the brief).

Claude Caroline Heffron argued the cause for amicus curiae Association of Criminal Defense Lawyers of New

Jersey (Pashman Stein Walder Hayden, attorneys; Claude Caroline Heffron and Joshua P. Law, on the brief).

PER CURIAM

J.A. was adjudicated delinquent of aggravated sexual assault and endangering the welfare of a child in 1999. The adjudication stemmed from J.A.'s conduct when he was fifteen years old.

In 2000 and 2001, J.A. was adjudicated delinquent, respectively, of receiving stolen property and second-degree robbery. He was sentenced to a custodial term of four years at a juvenile facility for the latter offense and released in 2004. He has not committed an offense since then.

To be eligible to terminate the registration and community notification requirements of Megan's Law, individuals who are required to register must demonstrate that they have been offense-free for "15 years following conviction or release from a correctional facility for any term of imprisonment imposed, whichever is later." N.J.S.A. 2C:7-2(f) (emphasis added). They must also show they are "not likely to pose a threat to the safety of others." Ibid.

J.A. applied to terminate his Megan's Law obligations. The trial court found that he was ineligible under subsection (f) because he had not remained offense-free after committing a predicate sex offense in 1999. The trial court

2

also considered the public safety prong and found that J.A. satisfied it. The court explained that J.A. had been "productive and law-abiding" and had led "an exemplary life since" his juvenile adjudication. The court agreed with testimony from an expert psychologist that J.A. "present[ed] a very low risk to reoffend." Nonetheless, the trial court stated it felt "constrained" by case law to deny the motion.

The Appellate Division affirmed. J.A. now argues to this Court that mandatory lifetime registration under subsection (f) is unconstitutional as applied to a registrant who committed a predicate sex offense as a juvenile and later commits another offense.

Because J.A. was adjudicated delinquent and not convicted of a sex offense, he is required to satisfy the public safety prong of subsection (f), not the offense-free prong. See In re Registrant R.H., ___ N.J. ___, ___ (2024) (slip op. at 3). Based on the reasoning of R.H. and the trial court's finding that J.A. does not pose a safety threat, he is eligible for termination of his Megan's Law obligations under subsection (f). We therefore reverse the judgment of the Appellate Division and remand the matter to the trial court to enter an appropriate order.

Under the circumstances, we do not reach J.A.'s constitutional arguments. In general, courts "'strive to avoid . . . constitutional questions

3

unless required to' consider them." Facebook, Inc. v. State, 254 N.J. 329, 362 (2023) (omission in original) (quoting Comm. to Recall Menendez v. Wells, 204 N.J. 79, 95 (2010)); accord Harris v. McRae, 448 U.S. 297, 306-07 (1980).


CHIEF JUSTICE RABNER and JUSTICES PATTERSON, SOLOMON, PIERRE-LOUIS, WAINER APTER, FASCIALE, and NORIEGA join in this opinion.